Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
sgrecordon@aol.com

Clinton Rooney (SBN 221628)
rooneycdi@gmail.com
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 234-0212
Facsimile: (619) 232-1382

Attorneys for Plaintiff JANET HEATHMAN

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET HEATHMAN, ) | CASE NO. 12-CV-00515 IEG RBB |
| ) | |
| Plaintiff, ) | PLAINTIFF'S POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF |
| ) | PLAINTIFF'S MOTION FOR |
| vs. ) | SUMMARY JUDGMENT |
| ) | |
| PORTFOLIO RECOVERY ) | DATE: May 6, 2013 |
| ASSOCIATES, LLC, ) | TIME: 10:30 A.M |
| ) | PLACE: Courtroom 4-D |
| Defendants. ) | JUDGE: Hon. Irma E. Gonzalez |
| _____ ) | |

/ / /

/ / /

/ / /

Plaintiff's Points and Auth. In Support of MSJ

-1-

12-CV-00515 IEG RBB

## I. Introduction.

Portfolio Recovery Associates, LLC ("PRA") is a debt collector that violated both the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act") when it falsely represented that PRA issued credit to a consumer, and that PRA, as opposed to Chase Manhattan Bank (USA) NA, was the original creditor on the consumer credit account at issue.  PRA alleged facts that it knew to be false, and engaged in a fraud on Heathman, a senior citizen, and on the state court.

## II. Factual Background.

Portfolio Recovery Associates, LLC ("PRA") is a debt buyer, and attempts to collect the debts it purchases, and is therefore a debt collector under the FDCPA and the Rosenthal Act[1].

PRA does not issue credit, and did not issue any credit on that account at issue to Plaintiff[2].  Nonetheless, PRA represented to Plaintiff, and to the court, that PRA issued a credit account, and furnished credit to Plaintiff, by alleging these facts in a state court collection complaint[3].

On April 11, 2011, PRA filed a filed a state court collection lawsuit against Heathman, a senior citizen. ("April 11, 2011 State Court Action," Superior Court of California for the County of San Diego case number 37-2011-00089382-CL-CL-CTL)[4]. In this state complaint, PRA claimed to have issued a credit account to Plaintiff, and claimed to have furnished both credit and "purchases/cash advances/

---

[1] *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1001, 2011 U.S. App. LEXIS 24864 (8th Cir. Ark. 2011)("In its brief, PRA concedes that it is a debt collector under the FDCPA....).

[2] *Declaration of Janet Heathman in Support of Plaintiff's Motion for Summary Judgment*, ¶¶ 7, 9, 11,13 and 15

[3] *Plaintiff's Request for Judicial Notice, Ex. A*

[4] *Id.*

and/or money loaned and received" to Heathman pursuant to a written contract between PRA and Heathman[5]. These claims were false, as PRA issued no credit account to Heathman, furnished no credit or any consideration to Heathman, and had no written agreement with Heathman[6].

Heathman knew that PRA's claims to have issued a credit account to her and of a written contract between them were false[7]. However, Heathman did not know whether there was some other, undisclosed claim for which she might be liable. Accordingly, Heathman was forced to file an answer, without knowing the true nature of PRA's claims, and thus without any real basis to decide how to respond[8].

Heathman's counsel engaged in discovery, and PRA, in response, made a new claim, that the true original creditor for the account at issue was Chase Manhattan Bank (USA) NA, and not PRA after all[9].

Shortly thereafter, PRA sued Heathman again. ("July 21, 2011 State Court Action," Superior Court of California for the County of San Diego case number 37-2011-00094796-CL-CL-CTL)[10]. The complaint in this second action ("July 21, 2011 State Court Complaint") was identical to PRA's earlier April 11, 2011 State Court Complaint except for the balance claimed and the filing date. Again, PRA falsely claimed to be the original creditor, and again claimed to have issued a credit account to Heathman, and to have formed a written agreement with Heathman[11].

---

[5] *Id.*

[6] *Declaration of Janet Heathman in Support of Plaintiff's Motion for Summary Judgment*, ¶¶ 7, 9, 11,13 and 15

[7] *Id.*

[8] *Id* at ¶¶ 15, 16 and 17

[9] *Declaration of Stephen G. Recordon in Support of Plaintiff's Motion for Summary Judgment,* ¶¶ 1-5.

[10] *Declaration of Janet Heathman in Support of Plaintiff's Motion for Summary Judgment*, ¶ 22

[11] *Id* at ¶¶ 23 and 24

1       Again confused and not knowing how to respond, Heathman was forced to

2  file an answer to PRA's new lawsuit[12].

3       As it turns out, this second lawsuit, facially identical to the first except for the

4  balance, was based on a non-existent debt. This Court, in federal case number 12-

5  cv-00201-IEG-RBB, determined on summary judgment on February 27, 2013 that

6  PRA's July 21, 2011 State Court Complaint violated the Fair Debt Collection

7  Practices Act and the Rosenthal Act[13].  The question before this Court is now

8  whether PRA's nearly identical April 11, 2011 State Court Complaint also violates

9  these statutes.

10  **III. Legal Standards.**

11       A motion for summary judgment should be granted if there is no genuine

12  issue of material fact and the moving party is entitled to judgment as a matter of

13  law. Fed. R. Civ. P. 56(c)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48,

14  106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

15       The moving party bears the initial burden of informing the court of the basis

16  for the motion, and identifying portions of the pleadings, depositions, answers to

17  interrogatories, admissions, or affidavits which demonstrate the absence of a triable

18  issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548,

19  91 L. Ed. 2d 265 (1986). In order to meet its burden, "the moving party must either

20  produce evidence negating an essential element of the non-moving party's claim or

21  defense or show that the nonmoving party does not have enough evidence of an

22  essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire &*

23  *Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

24       Summary judgment shall be rendered where the pleadings, depositions,

25  answers to interrogatories, admissions on file and affidavits demonstrate the lack of

26  any genuine issues of material fact, and that the moving party is entitled to a

27  ------------------------------

[12] *Id* at ¶¶ 25 and 26

28  [13] *Heathman v Portfolio Recovery Associates, LLC* Case No 12-cv-00201-IEG-RBB, February 27, 2012 Order, Docket No. 41

judgment as a matter of law. Fed. Rule Civ. Proc. 56(c). The entry of summary judgment is inappropriate where there exists a genuine and material issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2509–10, 91 L. Ed. 2d 202 (1986). Substantive law defines which facts are material and only disputes over facts that might affect the outcome of the case will defeat summary judgment. *Id.* at 248, 106 S. Ct. at 2510. A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving party." *Id.*

**IV. Summary of the argument.**

In its April 11, 2011 State Court Complaint, PRA, a debt collector, falsely represented to Heathman, a consumer, that:

1. PRA issued a credit account to Plaintiff;
2. PRA furnished both credit and "purchases/cash advances/ and/or money loaned and received" to Heathman;
3. pursuant to a written contract between PRA and Heathman[14].

These claims were false, as PRA issued no credit account to Heathman, furnished no credit or any consideration to Heathman, and had no written agreement with Heathman[15].

To add to the confusion, PRA also claimed that the creditor on the account at issue was "Plaintiff's Predecessor in interest on an account not owned by Plaintiff." PRA claimed *not to own* the account they filed suit on. PRA also failed to identify any "predecessor in interest" to PRA on the account at issue.

These claims were false and misleading, and were sufficiently confusing to mislead the "least sophisticated debtor," the objective standard at play under 15 USC 1692e.

---

[14] *Plaintiff's Request for Judicial Notice, Ex. A*

[15] *Declaration of Janet Heathman in Support of Plaintiff's Motion for Summary Judgment*, ¶¶ 7, 9, 11,13 and 15

1  These errors subject PRA to liability under 15 USC 1692e, and by extension
2  to liability under California Civil Code § 1788.17, which incorporates by reference
3  15 USC 1692e.

4  **V. Argument.**

5  **A. PRA is subject to the FDCPA.**

6  PRA is a debt collector under the FDCPA, which regulates the activities of
7  debt collectors. "Debt collector" has been held to include those who purchase
8  consumer debts after default. *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1485
9  (M.D. Ala. 1987).

10  Courts have already held that PRA is a debt collector under the FDCPA.
11  *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1001, 2011 U.S. App.
12  LEXIS 24864 (8th Cir. Ark. 2011)("In its brief, PRA concedes that it is a debt
13  collector under the FDCPA....).

14  California's Rosenthal Act also has an expanded definition of "debt collector"
15  that incorporates debt collectors under the FDCPA.

16  **B. The account at issue is a consumer account and as such is covered by**
17  **the FDCPA**

18  The FDCPA and Rosenthal Act regulate debt collectors while they are
19  collecting consumer debts, and here the debt at issue was such a consumer credit
20  card debt covered by the FDCPA and the Rosenthal Act, as Heathman's transactions
21  on the account at issue were all undertaken for personal or household purposes.

22  **C. The communications at issue are covered by the FDCPA**

23  When a debt collector uses false, deceptive, and misleading representations or
24  means in a state court complaint while attempting to collect a debt, this conduct
25  violates the FDCPA. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031-32 (9th
26  Cir. 2010)("...a complaint served directly on a consumer to facilitate debt-collection
27  efforts is a communication subject to the requirements of §§ 1692e and 1692f.")
28  / / /

**D. PRA violated the FDCPA by making misrepresentations in the collection of a consumer debt.**

15 U.S.C. 1692e prohibits debt collectors from making misrepresentations in the collection of a debt or alleged debt.

These misrepresentations are must be sufficiently confusing or misleading to mislead the objective "least sophisticated debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1431–32 (9th Cir.1997) ("The objective least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.')

There is little doubt that even a reasonable debtor, a higher standard, would be misled or confused by a state court complaint in which the plaintiff, a debt buyer, not only falsely claims to have issued credit, but fails to identify any other creditor.

As laid out above, on April 11, 2011, PRA did precisely this, and then added to the confusion by repeating this behavior on July 21, 2011, when PRA sued Heathman on a non-existent account.  Had Heathman simply assumed PRA's April 11, 2011 claims to be true, and either allowed a default, or paid money to PRA, PRA could have sued her again for the same debt. Heathman would have no basis to distinguish between PRA's April 11, 2011 and July 21, 2011 false claims, or any way to prove that PRA had already recovered for the debt at issue if PRA sued her a third time.

Under these circumstances, even a reasonable debtor would be confused, much less the "least sophisticated debtor."  If Heathman cannot tell why she is being sued, then certainly the fictional "least sophisticated debtor" would be confused or misled.  PRA's misrepresentations thus violate 15 USC 1692e, and by extension California Civil Code §1788.17.

/ / /

/ / /

/ / /

**E. The Rosenthal Act establishes liability under California law for violations of the FDCPA.**

The Rosenthal Act incorporates the FDCPA by reference by requiring compliance with the substantive provisions of the FDCPA. *Dupuy v. Weltman*, 442 F. Supp. 2d 822, 825 fn. 1 (N.D. Cal. 2006); see also *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541; citing *Edstrom v. All Services and Processing*, 2005 U.S. Dist. LEXIS 2773, 2005 WL 645920 (N.D.Cal. February, 2005), (California has incorporated by reference the text of certain federal provisions into the [Rosenthal Act], rather than copying them verbatim into the California code.) See also, *Mejia v. Marauder Corp.*, 2007 U.S. Dist. LEXIS 21313 (N.D. Cal. 2007) and *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061 (N.D. Cal. 2004). In summary, "The Rosenthal Act establishes liability under California law for violations of the FDCPA." *Sial v. Unifund CCR Partners*, 2008 U.S. Dist. LEXIS 66666 (S.D. Cal. Aug. 28, 2008).

**VI. Conclusion**

There is little dispute over the fact that PRA did not issue any credit account to Heathman, entered no contract with Heathman, and provided no consideration to Heathman.  PRA's April 11, 2011 claims to this effect are transparently false, rendering PRA liable as a debt collection under 15 USC 1692e and California Civil Code §1788.17.

The least sophisticated debtor would clearly be confused or mislead by being sued twice under these circumstances, and Heathman clearly has met her burden under this minimal standard.

This Court should, therefore, enter judgment in favor of Heathman.

Respectfully submitted,

Dated: March 4, 2013                /s/ Stephen G. Recordon
                                    STEPHEN G. RECORDON
                                    Attorney for Plaintiff

**Additional Plaintiff's Attorneys:**

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022