Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA  92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
sgrecordon@aol.com

Clinton Rooney (SBN 221628)
rooneycdi@gmail.com
225 Broadway, Suite 1900
San Diego, CA  92101
Phone: (619) 234-0212
Facsimile: (619) 232-1382

Attorneys for Plaintiff JANET HEATHMAN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET HEATHMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY,<br>ASSOCIATES, LLC,<br><br>    Defendant. | CASE NO.  12-cv-00515 IEG (RBB)<br><br>DECLARATION OF JANET HEATHMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

1. I, Janet Heathman, hereby declare under penalty of perjury, and pursuant to the laws of the State of California and the United States, that the foregoing is true and correct.
2. If called as a witness, I would competently testify to the matters herein from my own personal knowledge.
3. I am a plaintiff in this matter.
4. On April 11, 2011, Portfolio Recovery Associates, LLC ("PRA") filed a state court collection lawsuit against me, state case #37-2011-00089382-CL-CL-CTL ("April 11, 2011 State Court Action") and later served me with the summons and complaint ("April 11, 2011 State Court Complaint").
5. A true and correct copy of the above April 11, 2011 State Court Complaint is attached hereto as Exhibit A.
6. In the April 11, 2011 State Court Complaint, PRA alleged that I entered a "written credit card and/or loan agreement" between myself and PRA.
7. This claim was false, as I have never entered any written contract with PRA.
8. In the April 11, 2011 State Court Complaint, PRA alleged that I promised PRA that I would pay them money.
9. This claim was false as I never promised PRA that I would pay them money.
10. In the April 11, 2011 State Court Complaint, PRA alleged that PRA provided me with a "credit instrument and monies."
11. This claim was false as PRA never provided me with any "credit instrument" or any "monies."
12. In the April 11, 2011 State Court Complaint, PRA alleged that PRA issued a "credit account" to me, and that I made credit card purchases on this account.

13. This claim was false as PRA never issued any "credit account" to me, much less one on which I could make credit card purchases.

14. In the April 11, 2011 State Court Complaint, PRA alleged that PRA was the original creditor, and did not identify any other party as a creditor.

15. I was confused by the April 11, 2011 State Court Complaint, because I did not understand why PRA would claim to have issued credit to me, and have a contract with me, when I had no prior relationship with them at all, and never received anything from them.

16. I did not have the information I needed to access whether I should try to settle PRA's claims, or fight them, because I did not know what PRA was talking about.

17. I was forced to file an answer to the April 11, 2011 State Court Complaint, because I did not know what else to do, and did not want to lose by default when I did not even know what basis there was, if any, for PRA's accusations.

18. I hired Stephen G. Recordon and Clinton Rooney as counsel in the April 11, 2011 State Court Action.

19. My counsel sent our requests for evidence, and PRA then changed its stance, now claiming that I owed money to PRA based on a credit card with Chase Manhattan Bank (USA) NA.

20. Any credit card account or accounts that I had with Chase Bank were for personal, family or household use, and I have never engaged in any commercial transaction with Chase Bank.

21. Any and all of credit transactions between Chase Bank and myself were consumer transactions.

22. On July 21, 2011, Portfolio Recovery Associates, LLC ("PRA") filed a second state court collection lawsuit against me, state case #37-2011-

00094796-CL-CL-CTL and served me with the summons and complaint ("July 21, 2011 State Court Complaint").

23. This second July 21, 2011 State Court Complaint was facially identical to the earlier April 11, 2011 State Court Complaint, except for the date and the balance claimed due.

24. Again, in the July 21, 2011 State Court Complaint, PRA claimed the existence of a written contract between PRA and myself, and that PRA issued a "credit account" to me.

25. This caused me great confusion, as I was not sure how or why PRA chose to sue me twice, without ever identifying any creditor other than PRA.

26. I did not know if PRA was suing me twice on the same Chase account, if PRA was now claiming to be the original creditor on a second account, or if PRA was simply making up a debt out of thin air.

27. In early 2013, PRA finally informed my counsel that I never owed any amount to PRA on the account alleged in the July 21, 2011 State Court Complaint.

28. In federal case number 12-cv-00201 IEG (RBB), on February 27, 2013 this Court found that the claims made in the July 21, 2013 State Court Complaint violated the Fair Debt Collection Practices Act.

29. I found both State Court Complaints to be equally confusing, as they both lacked any information on why I would owe any amount to PRA, and neither one identified any original creditor, instead only identifying PRA.

30. I do not, and have never, owed any amount to PRA based on the account alleged in the July 11, 2011 State Court Complaint.

31. As a result of PRA's false, deceptive, and misleading behavior, my counsel were forced to incur necessary and reasonable attorney time and costs to defend the collection case in state court that they would otherwise not have incurred.

32. I declare nothing further.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 2nd day of March, 2013, in San Diego, California.

*Janet B. Heathman*
JANET HEATHMAN