UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET HEATHMAN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>　　　　　　Defendant. | CASE NO. 12-CV-515-IEG (RBB)<br><br>**ORDER:**<br><br>**1.　GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND**<br><br>[Doc. No. 17]<br><br>**2.　DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.**<br><br>[Doc. No. 18] |

Before the Court are cross motions for summary judgment as to Defendant Portfolio Recovery Associates, LLC ("PRA")'s liability under § 1692e of the Fair Debt Collection Practices Act ("FDCPA") and corresponding sections of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). [Doc. Nos. 17, 18.] For the reasons below, the Court **GRANTS** Plaintiff's motion and **DENIES** Defendant's motion.

**BACKGROUND**

This case arises from a debt collection action in San Diego Superior Court against Plaintiff Janet Heathman. Heathman failed to make payments on a Chase Manhattan Bank (U.S.A.), N.A., ("Chase") credit card account ending in "1543." Defendant PRA, a debt collector, purchased the account from Chase, and sent an initial collection letter to Heathman on September 16, 2009, stating that PRA

- 1 -

12cv515

purchased the account and that further failure to pay could lead to legal action. PRA sent additional collections letters to Heathman on November 19, 2009 and January 26, 2010. Over a year later, on April 11, 2011, PRA filed a breach of contract and common counts form complaint against Heathman in San Diego Superior Court, attempting to recover $13,564.11. [*See* Doc. No. 18-4, Ex. A ("the form complaint").]

The form complaint repeatedly identifies PRA as "Plaintiff," [*see id.* at 5, 7, 8], but makes no mention of Chase, the purported original creditor and predecessor in interest to PRA, nor to any specific credit account. The breach of contract portion of the form complaint states that an "agreement was made between . . . Plaintiff's Predecessor on an account not owned by Plaintiff" but that "Plaintiff's predecessor can be referred to as Plaintiff." [*Id.* at 7.] In a portion of the form complaint designated for the "essential terms of the agreement," the following passage is inserted:

> Defendant(s) are indebted to Plaintiff for credit card charges through purchases/cash advances/and/or monies loaned and received and furnished to the Defendant(s). Defendant(s) agreed to pay these monies to Plaintiff as provided for in the agreement between the parties. The terms and conditions under which Defendant(s) agreed to repay the Plaintiff for these monies are set forth in a written credit card and/or loan agreement between the parties. Defendant(s) indicated his/her/their/its consent to these terms either by an authorizing signature on the agreement or by Defendant(s) use of the credit instrument and monies provided by Plaintiff.

[Doc. No. 18-4 at 7.] In a subsequent portion designated to "specify" the "acts" by which "defendant breached the agreement," the following passage is inserted:

> Defendant(s) failed to make payment on the account as agreed. Despite Plaintiff's demand Defendant(s) have not repaid Plaintiff for the charges made and/or monies loaned. Plaintiff has made a demand for payment of monies owed but Defendant(s) has refused to pay Plaintiff. Defendant(s) are , therefore, in default under the terms of the party's [sic] agreement. In the event of a default the agreement entitles Plaintiff to the unpaid balance and attorney's fees and costs. Plaintiff may also be entitled to attorney's fees by contract or pursuant to statutory authorities.

[*Id.*]

Heathman retained counsel, answered the state court complaint, and propounded discovery requesting the identities of the parties to the alleged debt. PRA responded that Chase is both the original creditor and "Plaintiff's predecessor"

as referenced in the form complaint.

Heathman commenced this action on March 1, 2012, [*see* Doc. No. 1], and on March 20, 2012, filed the operative amended complaint, [Doc. No. 4], which alleges that PRA's failure to identify the original creditor in its form complaint violates § 1692e of the FDCPA and corresponding sections of the Rosenthal Act. The parties' present cross motions concern whether, on the undisputed facts as a matter of law, PRA's failure to identify the original creditor indeed constitutes a violation of § 1692e of the FDCPA and corresponding sections of the Rosenthal Act. [*See* Doc. Nos. 17, 18.]

## DISCUSSION

### I. Legal Standard

"Summary judgment is appropriate when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the nonmoving party, the movant is clearly entitled to prevail as a matter of law." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 950 (9th Cir. 2009) (citing Fed. R. Civ. P. 56). Where, as here, "the material facts are undisputed and resolution of a motion for summary judgment turns on a question of law . . . the court is left with the obligation to resolve the legal dispute between the parties as a matter of law." *Gulf Ins. Co. v. First Bank*, 2009 WL 1953444, at *2 (E.D. Cal. July 7, 2009) (citing *Asuncion v. District Director of U.S. Immigration and Naturalization Service*, 427 F.2d 523, 524 (9th Cir. 1970)); *see also International Ass'n of Machinists and Aerospace Workers, Dist. 776 v. Texas Steel Co.*, 538 F.2d 1116, 1119 (5th Cir. 1976) ("It is axiomatic that where questions of law alone are involved in a case, summary judgment is appropriate.") (citing *Asuncion*, 427 F.2d at 524).

### II. FDCPA Claims

"[T]he FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors." *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006). "It prohibits, and imposes strict liability and both statutory and

actual damages for, a wide range of abusive and unfair practices." *Heathman v. Portfolio Recovery Associates, LLC*, 2013 WL 755674, at *2 (S.D. Cal. Feb. 27, 2013) (citing *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010)); *see also McCollough v. Johnsonb, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011). "Because the FDCPA is a remedial statute, it should be construed liberally in favor of the consumer, and, when in doubt, against debt collectors." *Heathman*, 2013 WL 755674, at *2; *see also Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 705 (9th Cir. 2010) ("the FDCPA should by construed liberally to effect its remedial purpose"); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1228 (9th Cir. 1988) ("One who deliberately goes perilously close to an area of proscribed conduct takes the risk that he may cross the line.") (internal quotation omitted).

In this case, Plaintiff contends that PRA's form complaint[1] violates § 1692e of the FDCPA, which section "broadly prohibits the use of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Gonzalez v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1061-62 (9th Cir. 2011). "In this circuit, a debt collector's liability under § 1692e of the FDCPA is an issue of law," "requir[ing] an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication." *Id.* at 1061 (internal quotation omitted); *see also Terran v. Kaplan*, 109 F.3d 1428, 1428 (9th Cir. 1997) ("the question whether language [could] confuse a least sophisticated debtor is a question of law.").

"The least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzalez,* 660 F.3d at 1061-62 (internal quotation omitted). It "is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naive." *Id.* And although "FDCPA liability [is] not concerned with

---

[1] "[A] complaint served directly on a consumer to facilitate debt-collection efforts is [] subject to the requirements of § 1692e." *Donohue*, 592 F.3d at 1030.

mere technical falsehoods that mislead no one, but instead genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response,"[2] *Donohue*, 592 F.3d at 1034, "literally true statement[s] can still be misleading" and "it is well established that [a statement] is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzalez,* 660 F.3d at 1062.  As such, when "faced with ambiguous language," a court is not "to read the language from the perspective of a savvy consumer" who might be expected "to seek explanation of confusing or misleading language in debt collection letters." *Id*.  Rather, "the debt collector that fails to clarify that ambiguity does so at its peril." *Id*.; *see also Becker v. Genesis Fin. Servs.*, 2007 WL 4190473, at *6 (E.D. Wash. Nov. 21, 2007) ("courts have held that collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate"); *Dutton v. Wolhar*, 809 F.Supp. 1130, 1141 (D. Del. 1992) ("least sophisticated debtor is not charged with gleaning the more subtle of [] two interpretations").

Thus, to determine PRA's liability as a matter of law under § 1692e of the FDCPA, the Court must determine whether PRA's form complaint would confuse the least sophisticated debtor by failing to identify Chase, the original creditor.

**A.     Failure to Identify the Original Creditor Violates § 1692e**

"To preserve the protections and policies of the FDCPA, it is important to know the proper identity of the creditor.  Knowing a creditor's identity allows the 'least sophisticated consumer' to make more informed decisions on how to communicate with the creditor and avoid being misled." *Isham v. Gurstel, Staloch & Chargo, P.A.*, 738 F.Supp.2d 986, 996 (D. Ariz. 2010).  Accordingly, misstating or failing to identify "the original creditor unquestionably could 'frustrate a consumer's ability to intelligently choose his or her response.'" *Tourgeman v.*

---

[2] This "materiality requirement" is premised on the notion that "false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §[] 1692e." *Donohue*, 592 F.3d at 1033.

*Collins Fin. Services, Inc.*, 2011 WL 3176453, at *5 (S.D. Cal. July 26, 2011) ("The Court cannot hold, as a matter of law, that the hypothetical least sophisticated debtor would not be misled by a letter misstating the name of the original creditor."); *see also Gutierrez v. AT & T Broadband, LLC*, 382 F.3d 725, 740 (7th Cir. 2004) (one of "the FDCPA's focus[es] is . . . whether the name used [in collection materials] results in the debtor's deception in terms of what entity is trying to collect his debt."); *Schneider v. TSYS Total Debt Management, Inc.*, 2006 WL 1982499, at *3 (E.D. Wisc. July 13, 2006) (acknowledging that "without the full and complete name of the creditor . . . the unsophisticated debtor would be confused by the collection letter.").

Here, Defendant's form complaint omits any reference to Chase, the original creditor. [*See* Doc. No. 18-4, Ex. A.] And it compounds that omission by repeatedly referencing the purported debt as owed to "Plaintiff," yet ambiguously identifying both PRA and an unspecified "predecessor" as "Plaintiff." [*Id.*] Because this language can "be reasonably read to have two or more different meanings," *i.e.*, the original debt could be owed to either PRA or the unspecified predecessor, it is "deceptive" for purposes of the FDCPA. *Gonzalez,* 660 F.3d at 1062.

This deceptive language is also material because, in myriad respects, it could frustrate the least sophisticated consumer's ability to choose a response to Defendant's complaint. *See Donohue*, 592 F.3d at 1034 (in "applying the materiality requirement . . . [to] assess[] FDCPA liability, we are [] concerned with . . . misleading statements that may frustrate a consumer's ability to intelligently choose his or her response."). For example, without the true identity of the original creditor, the least sophisticated consumer is left unable to verify the debt purportedly owed, much less attempt to resolve that debt directly and extrajudicially. *See Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 327 (6th Cir. 2012) ("District courts have decided, and we agree, that a [] false representation of the creditor's name may constitute a false representation . . . under Section 1692e" because failing to

accurately identify the creditor may "cause[] [] confusion and delay in trying to contact the proper party concerning payment . . . and resolution of the problem.") (internal quotation omitted). So too, the least sophisticated consumer could assume the lone party identified, PRA, to be the original creditor, yet knowing she in fact owes no debt to PRA, choose to ignore the case entirely as an obvious mistake likely to sort itself out. *See Tourgeman*, 2011 WL 3176453, at *6 (S.D. Cal. July 26, 2011) ("the Court can conceive of nary a situation more confusing than receiving a dunning letter identifying an original creditor to whom the consumer never was indebted."); *Suquilanda v. Cohen & Slamowitz, LLP*, 2011 WL 4344044, at *6 (S.D.N.Y. Sept. 8, 2011) (where "a collection letter [] falsely listed the creditor . . . the least sophisticated creditor could be confused as to which entity was the creditor"). Or, again given apparent mistake, the least sophisticated consumer could misapprehend the complexity of and risks posed by the claims alleged, reason that no attorney is necessary, and to her detriment opt to proceed *pro se*. *See Donohue*, 592 F.3d at 1034 (materiality turns on "the likely effect . . . on the minds of unsophisticated debtor . . . [and their] ability to make intelligent decisions."). Given such easy to conceive potential frustration to the least sophisticated consumer, the Court finds Defendant's failure to identify the original creditor material under the FDCPA. *Cf. Donohue*, 592 F.3d at 1034 (finding conflation of interest and finance charges immaterial where the Court could conceive of no way in which that conflation could frustrate the least sophisticated consumer's ability to choose a response).

Thus, because Defendant's failure to identify Chase, the original creditor, is both deceptive and material under the least sophisticated consumer standard, it constitutes a violation of § 1692e. *Gonzalez*, 660 F.3d at 1061-62; *see also Hepsen v. J.C. Christensen and Associates, Inc.*, 2009 WL 3064865, at *5 (M.D. Fla. Sept. 22, 2009) ("Imposing liability based on a statement incorrectly identifying the name of a creditor comports with the purposes of the FDCPA."). Accordingly, the Court **GRANTS** Plaintiff's motion and **DENIES** Defendant's motion as to PRA's liability

under § 1692e of the FDCPA.

### III.   Rosenthal Act

"California has adopted a state version of the FDCPA, called the Rosenthal Act." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012); *see also* Cal. Civ.Code § 1788 *et seq*. "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs*, 681 F.3d at 1100. "[W]hether [conduct] violates the Rosenthal Act turns on whether it violates the FDCPA." *Id*. Thus, "[t]he Rosenthal Act establishes liability under California law for violations of the FDCPA." *Sial v. Unifund CCR Partner*, 2008 WL 4079281, at *4 (S.D. Cal. Aug. 28, 2008). Moreover, "[t]he Rosenthal Act's remedies are cumulative, and available even when the FDCPA affords relief." *Gonzalez*, 660 F.3d at 1068. Because Plaintiff establishes liability under § 1692e of the FDCPA, *see supra*, she also establishes liability under the Rosenthal Act. *Sial*, 2008 WL 4079281, at *4. Accordingly, the Court **GRANTS** Plaintiff's motion and **DENIES** Defendant's motion as to PRA's liability under the Rosenthal Act.

### CONCLUSION

For the foregoing reasons, the Court hereby:

- **GRANTS** Plaintiff's motion for summary judgment and thereby finds PRA liable under both the FDCPA and the Rosenthal Act for violations of § 1692e; and

- **DENIES** Defendant's motion for summary judgment in its entirety.

**IT IS SO ORDERED.**

**DATED:**   July 13, 2013

*[signature]*
**IRMA E. GONZALEZ**
**United States District Judge**